United States District Court
Southern District of Texas

**ENTERED**
May 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MELANIE GRACE KRAMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:26-CV-00006 |
| | § | |
| BELONG / SJRC TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff Melanie Grace Kramer's complaint (D.E. 1), which is subject to screening under 28 U.S.C. § 1915(e)(2), and her Emergency Motion for Temporary Restraining Order (D.E. 3). On February 26, 2026, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court dismiss all of Plaintiff's claims and deny her motion. D.E. 11. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); Special Order No. C-2023-1. Plaintiff timely filed her objections on March 12, 2026 (D.E. 12). She also filed a "notice to the court regarding availability of additional evidence." D.E. 16.

## STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). After considering proper objections, the

1 / 6

district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Fundamentally, this lawsuit is Plaintiff's attempt to collaterally attack the state court proceedings wherein Plaintiff's children were removed from her custody. The Magistrate Judge correctly explained that federal courts generally abstain from hearing claims regarding family law matters. D.E. 11, pp. 8-9. Additionally, the Magistrate Judge concluded that Plaintiff had failed to state a claim as to each of her alleged federal claims due to insufficient factual allegations. *Id.* at pp. 9-11. Plaintiff now raises several objections as to the second of these two reasons for dismissing her claims. With each objection, Plaintiff references exhibits that she claims provide a factual basis for those claims.[1]

**Falsified Records.** In Plaintiff's first objection, she references two exhibits that she claims are evidence of falsified records that Defendant used to "bypass judicial oversight." D.E. 12, p. 2. One exhibit is a text message conversation with her eldest child's foster parent. D.E. 12-1, p. 5. The other is a "home study" prepared for, or by, the Texas Department of Family and Protective Services. *Id.* at pp. 6-30. Plaintiff explains that while

---

[1] The Court is not required to consider new evidence raised in an objection. *Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014). However, some of these exhibits were referenced in Plaintiff's complaint and during the *Spears* hearing. D.E. 1-2, 13. Further, Plaintiff informed the Court that the Magistrate Judge did not accept physical and documentary evidence at the *Spears* hearing. *See* D.E. 16. Given the leniency extended to pro se litigants, the Court considers Plaintiff's evidence and objections. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

the text messages indicate that her daughter moved into her foster home on December 27, 2024, the home study lists that date as December 30, 2024. D.E. 12, p. 2. She also points to an "interview" mentioned in the home study which is listed as occurring on Sunday, January 5, 2025. *Id.* Plaintiff contends this is not possible because the company she says conducted the interview does not work on Sundays. *See* D.E. 13, p. 24.

Plaintiff argues that these "falsified records" are evidence of a procedural due process violation. However, Plaintiff does not explain how these records were used, if at all, in any proceeding that impacted Plaintiff's rights or protected interests. *See Adams v. City of Harahan*, 95 F.4th 908, 913 (5th Cir. 2024), *cert. denied sub nom. Adams v. City of Harahan, La.*, 145 S. Ct. 278, 220 L. Ed. 2d 86 (2024). Accordingly, Plaintiff has failed to state a claim for a procedural due process violation. The objection is **OVERRULED**.

**Medical Negligence and State-Created Danger.** In her second objection, Plaintiff references a text message from her eldest child, wherein the child tells Plaintiff that she had some changes concerning two prescription medications. D.E. 12-1, p. 31. Plaintiff also explained that the child was placed in a foster home with her "former Treatment Director," which Plaintiff asserts is a "prohibited dual relationship." D.E. 12, p. 2. Plaintiff objects that this evidence shows a Fourteenth Amendment violation for state-created danger. *Id.*

State-created danger is not currently a viable theory in the Fifth Circuit. *Cundari v. City of Pharr, Tex.*, No. 7:25-CV-00005, 2026 WL 887654, at *6 n.8 (S.D. Tex. Mar. 31, 2026). While a panel did recognize the theory in 2025, that decision was vacated when the Fifth Circuit voted to rehear the case en banc. *See Sterling v. City of Jackson, Miss.*, 167

3 / 6

F.4th 806 (5th Cir. 2026). So, Plaintiff has failed to state a valid claim under the Fourteenth Amendment. The objection is **OVERRULED**.

**Conspiracy and Familial Association.** In her third objection, Plaintiff references text message conversations with her caseworker concerning two occasions when Plaintiff attempted to call her child at allegedly scheduled times, but the child was unavailable due to extracurricular activities. D.E. 12-1, pp. 32-34. In a separate text conversation, the caseworker also told Plaintiff that her child is seeing a "telehealth" therapist. *Id.* at 35. Plaintiff claims that these conversations are evidence that Defendants conspired to block Plaintiff's access to her child in violation of her First Amendment right to familial association. D.E. 12, p. 3.

To state a claim for deprivation of her right to familial association, Plaintiff must generally allege an intentional state action that interferes with her family relationships. *See Doe v. Dall. Indep. Sch. Dist.*, 194 F. Supp. 3d 551, 564 (N.D. Tex. 2016) (citing *Morris v. Dearborne*, 181 F.3d 657, 667 (5th Cir.1999)). Plaintiff has not alleged, and the evidence does not show, an intentional action that deprived Plaintiff phone calls with her daughter. And to the extent that Plaintiff generally seeks to collaterally attack the state court child custody proceedings and orders, the Magistrate Judge correctly abstained. D.E. 11, pp. 8-9. The objection is therefore **OVERRULED**.

***Heck v. Humphrey* and Destroyed Evidence.** In her fourth objection, Plaintiff offers various exhibits concerning her report to police about alleged surveillance devices and blood spatters she found either in or around her home. D.E. 12-1, pp. 1-3. She alleges

4 / 6

that she called police when she found these objects, and that police destroyed the "evidence" found after their visit. *See* D.E. 12, p. 3. She also alleges that the police referred to her in the police report as a "mental subject." *Id.* Plaintiff argues that these actions constitute destruction of evidence, a "Stigma-Plus" due process violation, and discrimination under the Americans with Disabilities Act (ADA). *Id.* She also objects that the Magistrate Judge erred in applying *Heck v. Humphrey* because she is on deferred adjudication and has not been convicted. *Id.*

As to destruction of evidence, Plaintiff has not explained what these items were evidence of or how they would be used in any kind of proceeding. *See, e.g.*, *United States v. Salazar*, 317 F. Supp. 3d 935, 937 (W.D. Tex. 2018) (discussing destruction of evidence in a criminal proceeding). As to the stigma-plus claim, she has not explained how the police report was used, if at all, to interfere in the child custody proceedings. *See Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019). And as to the ADA claim, Plaintiff has not explained how she was discriminated against. *See Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018). Finally, Plaintiff does not appear to have attempted to state a claim relating to her ongoing criminal proceedings, so the application of *Heck* is irrelevant. *See* D.E. 11, p. 11. Because she has failed to state the claims she alleges, the objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's

objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 11). Accordingly, Plaintiff's federal claims are **DISMISSED with prejudice,** and her state claims are **DISMISSED without prejudice**. Further, Plaintiff's Emergency Motion for a Temporary Restraining Order (D.E. 3) is **DENIED**.

        **ORDERED** on May 8, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE